Criminal law ⬅️665(7)—Exclusion of material testimony merely because witness had not been sworn and put under rule held error.

Refusal to permit witness to testify to fact which would have shown that defendant was not guilty of offense charged, and whose testimony was competent and admissible except that he had not been sworn and put under the rule, *held* error.

Appeal from Wichita County Court, at Law; C. M. McFarland, Judge.

H. B. Sanders was convicted of playing a game of cards at a place other than a private residence, and he appeals. Reversed and remanded.

Mathis & Caldwell, of Wichita Falls, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

LATTIMORE, J. Conviction in county court at law of Wichita county for playing a game with cards at a place other than a private residence; punishment, fine of $1.

But one question is raised which we deem necessary to discuss. Before the argument began, appellant sought permission of the court to introduce a witness who was admittedly in the courtroom most, if not all, of the trial, but whose presence and testimony both were unknown to the appellant's counsel until after the evidence had been closed for both sides, at which time said counsel became aware of the presence and testimony of this witness. The refusal to permit this witness to testify was based on the fact that the rule had been invoked by one or both sides, and that he had been in the courtroom and had heard the other witnesses. It is not claimed that the witness had been subpœnaed, or that he was known, or that the fact that he would testify was known to appellant or his counsel prior to the closing of the argument.

We are constrained to believe the learned trial judge in error in refusing to admit this testimony. The state relied for a conviction upon two officers who testified that they went into a room up over a negro café where there were a number of negroes congregated, and according to the testimony of one officer appellant was sitting at a table with some others at the time of the entrance of the officers and pulled a table cover over into his lap and was later found to have cards and money, or money alone, in his hands. Neither officer testified to seeing appellant actually engaged in playing at a game. The officers arrested a number of negroes in the place, and it appears that none of those arrested were used as witnesses, presumably because they could not be so used. Appellant was relying upon his own testimony corroborated by that of the man for whom he worked, who testified to his good reputation, and the fact that after the game in question appellant told said employer that he had been arrested for playing cards but that he was not so playing. In this state of the record the witness who was offered by appellant, whose testimony was perfectly competent and admissible, save only for the fact that he had not been sworn and put under the rule, was most material, as he would have sworn that he was present in the room at the time appellant was arrested and knew of his own personal knowledge that appellant was not playing at any game with cards, but that another negro who somewhat resembled appellant was the one who was playing at said game. For authorities see Hernandez v. State, 79 Tex. Cr. R. 182, 183 S. W. 440; Clayton v. State, 78 Tex. Cr. R. 158, 180 S. W. 1089; Caviness v. State, 42 Tex. Cr. R. 420, 60 S. W. 555; Eason v. State, 89 Tex. Cr. R. 638, 232 S. W. 300; Crosslin v. State, 90 Tex. Cr. R. 467, 235 S. W. 905.

Being of opinion that the court should have permitted the testimony, and that from this action of the court appellant suffered material injury, the judgment is reversed and the cause remanded.

## WALLACE v. STATE. (No. 10336.)

(Court of Criminal Appeals of Texas. Nov. 10, 1926.)

Burglary ⬅️41(6)—Conviction of burglary held supported by evidence.

Evidence, though somewhat meager, as to person committing burglary, *held* to support conviction.

Appeal from District Court, Gregg County; P. O. Beard, Judge.

George Wallace was convicted of burglary, and he appeals. Affirmed.

Shoults & Buckley, of Longview, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

MORROW, P. J. The offense is burglary; punishment fixed at confinement in the penitentiary for a period of two years.

The house of A. C. Garrett was entered by force, and some property removed therefrom. Footprints were observed near the house. They contained peculiarities owing to the wearing off of a part of the sole of one of the shoes. The ground was moist from a rain. At the time of the entry of the house, Gar-

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

rett and his wife were away at a funeral. Before they left, the appellant was seen to pass the house on foot, and the tracks that he then made, according to the state's testimony, were like those at the house. Upon his return from the funeral, Garrett observed some one leaving his premises, and, according to his best judgment, the apparel of the person observed and that of the appellant were the same.

Appellant admitted passing the house of Garrett on the morning of the alleged offense and also returning in the evening, going in the direction of his father's house. His father also testified in corroboration of his statement. Appellant did not categorically deny the entry, nor did he admit it. He was a youth 19 years of age. He said, however, that in passing the Garrett premises he was going to his father's house to get some money.

While the evidence is somewhat meager, we cannot say that it is not sufficient to support the verdict of the jury.

The judgment is therefore affirmed.